# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WALTER PRENTICE DRAKE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil No. 3:16-cv-01427 <br> Judge Trauger |

## MEMORANDUM

### I. Introduction

Pending before the court are the Petitioner's *pro se* Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (Docket No. 1); an Amended Motion To Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 3), filed by counsel for the Petitioner; the Government's Response (Docket No. 9), and the Petitioner's Reply (Docket No. 10). For the reasons set forth herein, the Petitioner's Motion To Vacate (Docket Nos. 1) and Amended Motion To Vacate (Docket No. 3) are DENIED, and this action is DISMISSED.

### II. Procedural Background

The Petitioner was convicted, after a jury trial before former Judge Robert L. Echols, of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket Nos. 40, 41, 43, 65-68 in Case No. 3:05cr00209). The Petitioner qualified for a 15-year mandatory minimum statutory sentence as an Armed Career Criminal based on the following prior Tennessee convictions: a 1983 conviction for third degree burglary; a 1985

aggravated assault conviction with an offense date of October 14, 1983; a 1985 conviction for armed robbery; and a 1985 conviction for aggravated assault with an offense date of October 30, 1984. (Docket No. 61, at ¶¶ 20, 91, in Case No. 3:05cr00209). At the sentencing hearing, on January 19, 2007, Judge Echols imposed a sentence of 252 months of imprisonment. (Docket Nos. 62, 63, 64 in Case No. 3:05cr00209). The Petitioner appealed his conviction, and the Sixth Circuit affirmed. (Docket No. 69 in Case No. 3:05cr00209). On October 6, 2008, the Supreme Court denied the Petitioner's petition for writ of certiorari. (Docket No. 72 in Case No. 3:05cr00209).

III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An

evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B. Johnson v. United States

The Petitioner requests that the court apply the decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) to reduce his sentence. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
> \* \* \*
>> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for

3

> such term if committed by an adult, that –
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

According to the Petitioner, in the absence of the residual clause, his prior convictions for aggravated assault and third degree burglary no longer qualify as "violent felonies" under the ACCA. More specifically, the Petitioner argues that his prior convictions do not satisfy either the "use-of-force" clause in Section 924(e)(2)(B)(i) or the "enumerated offense" clause of Section 924(e)(2)(B)(ii). In the absence of three qualifying felonies, the Petitioner contends, he is no longer subject to sentencing as an Armed Career Criminal. The Government argues that the Petitioner's aggravated assault convictions satisfy the "use-of-force" clause, and that the court need not address the third degree burglary conviction because the Petitioner otherwise has three prior convictions for violent felonies.

As set forth above, the "use-of-force" clause includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has defined the term "physical force," as used in this clause, as "violent force – that is, force capable of causing physical pain or injury to another

person." *[Curtis] Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). *See also United States v. Southers,* 866 F.3d 364, 366 (6th Cir. 2017).

In determining whether a prior conviction satisfies this definition, courts are to use the "categorical approach," which focuses on the statute defining the prior offense rather than the facts underlying the prior conviction. *See, e.g., Taylor v. United States,* 495 U.S.575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *Southers,* 866 F.3d at 366. If a statute "sets out a single (or 'indivisible') set of elements to define a single crime," then the court simply compares those elements to the ACCA definition to see if they match. *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). If the elements of the statute include a wider range of conduct than the ACCA definition, the prior conviction cannot count as an ACCA predicate. 136 S.Ct. at 2248-49.

If a statute is "divisible," in that it lists elements in the alternative to define multiple crimes, however, courts are to use the "modified categorical approach." *Id.*, at 2249. Under that approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (*citing Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). Once the crime of conviction is determined, the court can then make the comparison of elements required by the categorical approach. *Id.*

The Petitioner argues that Tennessee's aggravated assault statute, as it existed when he was charged and convicted, is indivisible. The Government argues that it is divisible. The statute at issue, Tennessee Code Annotated Section 39-2-101, provides, in pertinent part, as follows:

(b) Any person who:

5

> (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
>
> (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession; or
>
> (4) Being the parent or custodian of a child or the custodian of an adult, willfully or knowingly fails or refuses to protect such child or adult from an aggravated assault described in subdivisions (b)(l), (2), or (3) above;
>
> is guilty of the offense of aggravated assault regardless of whether the victim is an adult, a child, or the assailant's spouse.

Two other federal district courts have considered the divisibility of this statute and have concluded that the four numbered subsections set forth four alternative ways of committing the crime of aggravated assault. The district court for the Eastern District of Tennessee explained its reasoning as follows:

> Tennessee Code Annotated § 39-2-101(b) (1986) is divisible between subdivisions (1), (2), (3), and (4) because each of those variants is listed in the disjunctive and juries are required to agree on which aggravating circumstance applies, but not further divisible with regard to the levels of mens rea—intentional, knowing, or reckless—contained within the subdivisions.

*Hadaway v. United States*, 2017 WL 1393739, at *5 (E.D. Tenn. Apr. 18, 2017). In reaching the same conclusion, the district court for the Western District of Tennessee relied on Tennessee case law indicating that juries considering charges under the statute were instructed only as to the applicable subparts of Section 39-2-101(b) rather than the full statute. *Clemons v. United States*, 2017 WL 1030725, at *18 (W.D. Tenn. March 15, 2017)(*citing State v. Slack,* S.C. No. 92, 1991

WL 231111, at *1-2 (Tenn. Nov. 12, 1991); *State v. Jarnagin*, No. 283, 1989 WL 91076, at *3 (Tenn. Crim. App. Aug. 14, 1989); *cf. State v. Burris*, 693 S.W. 2d 926, 930 (Tenn. Crim. App. 1985)(deeming it error, although harmless, to read entire statute to jury)).

To support his argument that the four numbered subsections constitute a single set of elements that define the crime of aggravated assault, the Petitioner cites *Morris v. State*, 608 S.W.2d 154 (Tenn. Crim. App. 1980) and *State v. Slack*, *supra*. In *Morris*, the court rejected the defendant's argument that the indictment failed to provide him with adequate notice of the offense with which he was charged:

> Defendant was charged under the provisions of T.C.A. § 39-115 with soliciting another to commit aggravated assault upon a third individual. Aggravated assault is defined in T.C.A. § 39-601.[1] Defendant's complaint is that T.C.A. § 39-601 includes four different fact situations and is, therefore, ambiguous.
>
> While it was undoubtedly possible to set out the nature of the assaults which defendant was charged with soliciting it was certainly not necessary, nor required, to provide him with notice of the offense. The true test is not whether an indictment could be more definite and certain, but whether it contains the elements of the offense to be charged and sufficiently apprises a defendant of what he must be prepared to meet, and whether the record shows accurately to what extent he may plead former acquittal or conviction in case any other proceedings are taken against him for the offense. *See State v. Overton*, 245 S.W.2d 188, 193 Tenn. 171 (1951). The indictment in this case meets those requirements and the assignment is overruled.

608 S.W.2d at 154–55. The *Morris* court did not hold that an aggravated assault conviction encompassed all the subparts set forth in the statute. The court simply concluded that the indictment, which was not quoted in the opinion, provided sufficient notice of the charges.

In *Slack*, the court held that the indictment sufficiently charged a violation of the first

---

[1] Section 39-601 was subsequently re-codified, with substantially similar language, as Section 39-2-101.

7

three subparts of Section 39-2-101(b), and that the defendant was not prejudiced by the court's instructions to the jury regarding all three subparts. The Petitioner argues that *Slack* supports his argument that the three subparts are indivisible because the *Slack* court did not require the jury to be unanimous as to which theory it applied. The issue in *Slack* was whether the indictment provided adequate notice to the defendant of the charges against him. The court did not consider a challenge to the unanimity of the jury's verdict. Neither *Morris* nor *Slack* persuades the court that Section 39-2-101(b) is indivisible.

Having determined that the Tennessee statute is divisible, the court applies the modified categorical approach to determine which one or more of the subparts underlies the Petitioner's convictions. The indictment for the Petitioner's first aggravated assault conviction charges that he "unlawfully, and feloniously did attempt to cause. . . bodily injury to James Lawrence with a deadly weapon, a pistol, and did thereby commit the crime and felony of aggravated assault in violation of Section 39-2-101. . ." (Docket No. 3-1, at 2). The judgment and sentence indicates that the Petitioner pled guilty to "aggravated assault . . . as charged in the bill of indictment. . ." (Id., at 4). A comparison of these documents and the subparts of Section 39-2-101(b) indicates that the Petitioner was convicted of violating Subsection (b)(2) ("Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon").

The indictment for the Petitioner's second aggravated assault conviction charges that he "unlawfully, and feloniously did attempt to cause or willfully or knowingly cause bodily injury to Hiram Lee Drake with a deadly weapon and to wit a pistol and did thereby commit the crime and felony of aggravated assault in violation of Section 39-2-101. . . " (Id., at 6). The judgment and sentence indicates that the Petitioner pled guilty to "aggravated assault . . . as charged in the bill

8

of indictment. . ." (Id., at 8). A comparison of these documents with Section 39-2-101(b) indicates that the Petitioner's second aggravated assault conviction also involved a violation of Subsection (b)(2).

Attempting to cause, or willfully or knowingly causing, bodily injury to another with a deadly weapon under Section 39-2-101(b)(2) is a "violent felony" under the ACCA because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). *See Hadaway v. United States*, *supra*, at *7 (Conviction under Section 39-2-101(b)(2) qualifies as violent felony under the ACCA's "use-of-force" clause "because [it] invariably require[s] an intentional and knowing use or threatened use of violent force, *i.e.*, force capable of causing physical pain or injury."); *Clemons v. United States*, *supra*, at *20 (Conviction under Section 39-2-101(b)(2) qualifies as a violent felony under the ACCA's "use-of-force" clause because "[o]ne cannot violate section 39-2-101(b)(2) without using or attempting to use physical force against another.")

The Petitioner argues, however, that the elements of Subsection (b)(2) do not satisfy the "use-of-force" clause because they do not require "strong physical force." Citing a footnote in the Sixth Circuit's decision in *United States v. McMurray*, 653 F.3d 367, 374 n. 6 (6th Cir.2011), the Petitioner contends that Subsection (b)(2) requires only that bodily injury be caused, not that the defendant use force to cause it. Subsequent decisions of the Sixth Circuit have rejected the distinction the Petitioner seeks to draw. In *United States v. Evans*, 699 F.3d 858, 863-64 (6th Cir. 2012), the court refused to follow the "unbinding dicta" of *McMurray* because its reasoning was based on the "flawed premise" that in order for a person to use a strong physical force, the person must generate or direct the use of the force:

9

> The *McMurray* footnote contends that '[a]lthough we might expect that someone who causes serious bodily injury to another did so with a strong physical force, the statute does not require it' and cites as an example a case in which a defendant was convicted of aggravated assault under the Tennessee statute at issue after the defendant placed an unconscious victim in the middle of a road where the victim was run over by a car. . . *Id*. In this example, there clearly was a physical force that caused the victim's injuries—the force of the car—so the *McMurray* court must have been implying that simply because the defendant did not personally generate or direct the force that injured the victim, the defendant did not use this strong physical force. Using this same logic, a person who uses a small amount of physical force—a force that in itself would be incapable of causing physical pain or injury—to intentionally push someone off a cliff does not use strong physical force against another. Rather, the victim's injuries would be caused by the force of gravity.
>
> This cannot be correct. A defendant uses physical force under § 4B1.2(a)(1) [the "use-of-force" clause section of the Sentencing Guidelines' "crime of violence" definition] when a defendant knowingly sets in motion a series of events that the defendant knows will result in the application of 'a force capable of causing physical pain or injury to another person.' *See Johnson*, 130 S.Ct. at 1271. Under this formulation, a statute—such as Ohio Rev.Code § 2903.13(A)—that requires a showing that the defendant knowingly caused or attempted to cause a physical injury necessarily has as an element the knowing use or attempted use of physical force against another and thus categorically qualifies as a crime of violence under § 4B1.2(a)(1).

699 F.3d at 864 (footnote omitted). *See also United States v. Glover*, 681 F. App'x 432 (6th Cir. March 3, 2017)("Whether a conviction is a 'crime of violence' in § 4B1.2(a) of the Sentencing Guidelines is subject to the same analysis as whether a conviction is a 'violent felony' under the ACCA.")

The Petitioner also argues that aggravated assault under Subsection (b)(2) includes the act of poisoning, and therefore, would not require the use of "strong physical force." A similar argument was recently rejected by the Sixth Circuit:

> But we have refused to draw a line between direct and indirect force in this context. *United States v. Evans*, 699 F.3d 858, 864 (6th Cir. 2012). And for ample reason. A defendant uses physical force whenever his volitional act sets into

10

motion a series of events that results in the application of a 'force capable of causing physical pain or injury to another person.' *See id*. We see no problem with the poison scenario. The 'use of physical force' is not the drop of liquid in the victim's drink; it is employing poison to cause serious bodily harm. *See United States v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405, 1415, 188 L.Ed.2d 426 (2014). Under Verwiebe's theory, tripping somebody into oncoming traffic, or for that matter perpetrating a sarin gas attack, would not be a crime of violence. Creative minds, once unhinged from common sense, might even suggest that pulling the trigger of a gun is not a sufficiently direct use of physical force. Sentencing law does not turn on such fine, reality-defying distinctions.

*United States v. Verwiebe*, ___ F.3d ___, 2017 WL 4700642, at *2 (6th Cir. Oct. 20, 2017).

The court is persuaded that a violation of Section 39-2-101(b)(2) is a "violent felony" under the ACCA's "use-of-force" clause, and therefore, the Petitioner's two aggravated assault convictions qualify as "violent felonies" without regard to the residual clause invalidated by *Johnson*. As the Petitioner still has three qualifying prior convictions (two aggravated assault convictions, and a conviction for armed robbery[2]), the court need not consider the Petitioner's challenge to his third degree burglary conviction. Accordingly, the court concludes that the Petitioner's challenge to his sentence as an Armed Career Criminal is without merit.

IV. Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate is denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C.

---

[2] The Petitioner has not challenged his 1985 Tennessee conviction for armed robbery as a "violent felony" under the ACCA. *See United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014)(1988 Tennessee conviction for robbery qualifies as a "violent felony" under the ACCA's "use-of-force" clause).

11

2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge